UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBY M. YARBOROUGH,

           Plaintiff,           Civil Action No. 20-12286

v.           Terrence G. Berg
           United States District Judge

COMMISSIONER OF           David R. Grand
SOCIAL SECURITY,           United States Magistrate Judge

           Defendant.
_____/

## REPORT AND RECOMMENDATION ON MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) (ECF No. 28)

**I.    REPORT**

    **A.    Procedural History**

On November 5, 2019, plaintiff Ruby M. Yarborough ("Yarborough") filed suit against the Commissioner of Social Security, challenging the Commissioner's final decision denying her application for Social Security Disability Benefits. (ECF No. 1). On January 18, 2022, this Court issued a Report and Recommendation ("R&R"), recommending that the case be remanded to the ALJ for further evaluation. (ECF No. 24). The R&R was adopted by the Honorable Terrence G. Berg on February 4, 2022, and a judgment was entered remanding the case for further consideration by the ALJ. (ECF Nos. 25, 26). On May 9, 2022, the Court entered a stipulated order awarding Yarborough's attorney, Randall E. Phillips ("Phillips"), $8,500.00 in attorney fees pursuant to the Equal Access of Justice Act ("EAJA"). (ECF No. 27).

Yarborough subsequently prevailed on remand, and the Social Security Administration ("SSA") issued a Notice of Award, dated December 3, 2022, awarding her $63,991.00[1] in past-due benefits. (ECF No. 28-4). On December 15, 2022, attorney Phillips filed the instant motion indicating that, pursuant to the terms of both 42 U.S.C. § 406(b) and the applicable fee agreement, he is entitled to attorney fees in the amount of 25% of Yarborough's past-due benefits, for a total attorney fee of $15,997.75. (ECF No. 28, PageID.2771-72). Phillips further acknowledged that, if his motion for attorney fees is approved, he would be required to reimburse Yarborough the $8,500.00 that he received under the EAJA. (*Id.*, PageID.2773).

### B. Analysis

42 U.S.C. § 406(b) authorizes the Court to award attorney fees following the successful disposition of Social Security disability appeals. Section 206(b)(1) of the Social Security Act permits courts to award attorneys up to 25% of the past-due benefits to which a claimant is entitled after a favorable decision. Attorney fees are subject to the condition that they be reasonable for the services rendered. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

Attorney Phillips is requesting $15,997.75 in attorney fees, which represents 25%

---

[1] Although the Notice of Award did not state the exact amount of past-due benefits, it stated that the SSA withholds "25 percent of past due benefits in order to pay the approved representative's fee," and that, in this case, the SSA "withheld $15,997.75 from [Yarborough's] past due benefits in case we need to pay your representative." (ECF No. 28-4, PageID.2813). As explained in Phillips' motion, since 25% of the past-due benefits equals $15,997.75, the full amount of past-due benefits is four times that figure, for a total of $63,991.00. (ECF No. 28, PageID.2772). The Commissioner did not dispute this calculation.

of the past-due benefits awarded to Yarborough ($63,99mr1.00). Phillips has submitted a contingent fee agreement, signed by both himself and his client, in which Yarborough specifically acknowledges that an attorney who successfully represented her in court may be awarded a reasonable fee, not in excess of 25% of her past-due benefits. (ECF No. 28-2).

Contingent fee arrangements are allowed under the Social Security Act. In fact, an "agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to comparatively high hourly rates. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)). The Sixth Circuit has recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others." *Id*. (quoting *Royzer,* 900 F.2d at 982).

In Social Security cases, the 25% contingent fee "is not to be viewed as per se reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez*, 865 F.2d at 746. Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

In this case, there is no suggestion that attorney Phillips behaved improperly or was

3

ineffective. On the contrary, Phillips achieved a very successful result for Yarborough. Nor does it appear that awarding the total fee requested herein would amount to a windfall. Phillips has submitted a full log of the activities he undertook before this Court on Yarborough's behalf, which shows a total of 44.75 hours[2] spent on her case. (ECF No. 28-5, PageID.2822-25). Given that the amount requested from this Court is $15,997.75, the effective hourly rate for Phillips would be approximately $357.49. Awards using similar or higher rates than this have been deemed reasonable by courts in the past. *See, e.g., Hamilton v. Comm'r of Soc. Sec.*, No. 09-11553, 2011 WL 10620498, at *5-6 (E.D. Mich. Aug. 15, 2011) (approving a contingency rate of $625 per hour for §406(b) fees); *Karadsheh v. Comm'r of Soc. Sec.*, No. 08-cv-988, 2011 WL 5041366, at *3 (W.D. Mich. Sept. 26, 2011) (approving a contingency rate of $360 per hour for §406(b) fees).

Moreover, in assessing a fee determination, courts have found it useful, although not necessary, to consider the defendant's position as to the reasonableness of the requested fee award. *See, e.g., Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983). In this case, the Commissioner has not objected to the requested fee award, and thus presumably does not believe the fee requested is unreasonable.

## II. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that attorney Phillips' Motion for Attorney Fees **(ECF No. 28)** be **GRANTED** and that (1) attorney fees be awarded to

---

[2] Although Phillips' motion states that he and his colleagues spent "47.75" hours (*see, e.g.*, ECF No. 28, PageID.2772, 2778), the attached log of attorney-time activities in the amount of 6.75 hours, 3.5 hours, and 34.5 hours add up to a total of 44.75 hours.

Phillips in the amount of $15,997.75 for work performed before this Court in connection with Yarborough's Social Security appeal; and (2) Phillips be ordered to reimburse Yarborough the $8,500.00 that he received under the EAJA.

Dated: March 30, 2023  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2). A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and

should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2023.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
